UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

ARINIUSKA BRAVO

      Plaintiff,

v.


FANATICS RETAIL GROUP
FULFILLMENT, LLC,

      Defendant,

_____/

## **<u>COMPLAINT</u>**

Comes Now the Plaintiff, Ariniuska Bravo, by and through the undersigned counsel, and hereby sues Defendant Fanatics Retail Group Fulfillment, LLC, and alleges:

## <u>Introduction</u>

This is an action for equitable and monetary relief brought by Plaintiff to readdress the violations of Plaintiff's rights pursuant to the Family Medical Leave Act (hereinafter "FMLA"), 29 USC. Section 2612 (a)(1), and the anti-retaliatory provisions found in Section 2615 (a)(1) and (2), and (b) (1).

## <u>Jurisdiction Venues and Parties</u>

1.  This is an action for damages which amount exceeds Fifteen Thousand

Dollars ($15,000.00) exclusive of interest, attorney's fees, and costs.

2. Plaintiff Ariniuska Bravo is a resident of Hillsborough County, Florida, within the jurisdiction of this Honorable Court.   Plaintiff is a covered employee for purposes of the FMLA.

3. Defendant Fanatics Retail Group Fulfillment, LLC (from now on Fanatics, or Defendant) is a Florida corporation with a business in Tampa, Hillsborough County, Florida. Defendant Fanatics was and is engaged in interstate commerce.

4. The venue of this action is properly placed in the Middle District of Florida, Tampa Division, pursuant to 28 USC §1391(b), since the employment practices hereafter alleged to be unlawful were committed in Hillsborough County, within the jurisdiction of this Honorable Court.

<u>Allegations Common to all Counts</u>

5. Plaintiff Ariniuska Bravo is a 42-year-old qualified female member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act, employed by Defendant. Accordingly, Plaintiff is a covered employee within the meaning of the FMLA.

6. Defendant Fanatics is a manufacturer and distributor of specialty sports supplies and sports apparel. Defendant has facilities located at 4408 W Linebaugh AVE, Tampa, Florida 33624, where Plaintiff worked.

7. Defendant Fanatics is engaged in an industry affecting commerce, employing 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. Accordingly, Defendant is a covered employer within the meaning of the FMLA.

8. Defendant Fanatics employed Plaintiff Ariniuska Bravo from approximately September 15, 2015, to April 26, 2021, or more than 5 years plus 7 months.

9. Plaintiff was hired as a full-time printing machine operator, working 40 hours or more. At the time of her termination, Plaintiff's wage rate was $16.97 an hour.

10. Throughout her employment with Defendant, Plaintiff performed her duties in an exemplary fashion. Plaintiff possessed all the required skills, training, and qualifications for the job in question and performed her duties without significant issue or controversy.

11. On or around December 29, 2020, Plaintiff left for a two-week vacation. Plaintiff was supposed to return to work on Monday, January 11, 2021.

12. Plaintiff traveled to Cuba to bring some help to her ailing parents. Plaintiff took her 14-year-old daughter with her.

13. While in Cuba, Plaintiff's minor daughter, who suffers from a respiratory condition, contracted the COVID-19 virus. Plaintiff's daughter got very sick and was hospitalized from January 07, 2021, to January 14, 2021. Plaintiff stayed at the hospital taking care of her daughter.

14. Plaintiff made multiple attempts to inform her Employer about her impossibility to return to work as scheduled. Unfortunately, due to her difficult situation and the poor communications on the Island, Plaintiff could not contact her employers.

15. However, on or about January 11, 2021, Plaintiff's sister, Ms. Ida Bell, informed H.R. Pilar Binda that Plaintiff's daughter was hospitalized in Cuba and that Plaintiff could not return on time.

16. In addition, Plaintiff's fiancé, Mr. Jorge Nunez, went to talk to Plaintiff's supervisor Luis Louis and explained to him Plaintiff's difficult situation. The supervisor instructed Mr. Jorge Nunez to talk to H.R. Pilar Binda and CIGNA.

17. On or about January 11, 2021, Mr. Jorge Nunez also called H.R. Pilar Binda and explained to her that Plaintiff's daughter was hospitalized in Cuba and Plaintiff could not return,

18. H.R. Pilar Binda answered Plaintiff's fiancé, Mr. Jorge Nunez, that Defendant could not talk to him, that Plaintiff had to contact Defendant

personally, and also that Plaintiff had to call third Party Administrator (TPA) CIGNA personally.  Mr. Jorge Nunez told H.R. Pilar Binda that Plaintiff could not call from Cuba because the calls did not go through and that Plaintiff could not send or receive e-mails because there is no internet service.

19. Therefore, on or about January 11, 2021, Defendant was notified that Plaintiff needed an FMLA leave to care for a qualified family member (her daughter) affected by a serious health condition.

20. On or about January 13, 2021, Plaintiff through her sister Ms. Ida Bell submitted her request for a FMLA leave of absence timely.  At that time, Plaintiff attached a copy of her daughter's COVID-19 positive test.

21. Plaintiff was prevented from leaving Cuba not only because she had to take care of her sick daughter but also because the government restricted international flights.

22. On or about January 29, 2021, Plaintiff was able to come back to the United States in a humanitarian flight.

23. Upon her return, Plaintiff immediately contacted her superiors.  Plaintiff texted her supervisor, Mr. Luis Louis informing him that she was back. Plaintiff also texted H.R. Pilar Binda requesting to talk to her.

24. On Monday, February 01, 2021, Plaintiff asked her supervisor, Mr. Luis Louis, about her employment status. Mr. Luis Louis instructed Plaintiff to talk to H.R. Pilar Binda. Plaintiff tried to contact H.R. Pilar Binda, but she was unable to get in touch with her. Thus, Plaintiff e-mailed H.R. Pilar Binda.

25. On the same date, Plaintiff also contacted TPA CIGNA, and she learned that her request for an FMLA leave of absence for a family member's health condition had been denied because the supporting documentation was in Spanish. As a result, Plaintiff was ordered to present a new request with health certificates from Cuba translated into English.

26. Plaintiff resubmitted her application together with the required documentation and translations. Plaintiff was told that she had to wait for the answer.

27. On or about February 11, 2021, Cigna approved Plaintiff's leave from January 11, 2021, to January 20, 2021. Nevertheless, Cigna denied the FMLA leave from January 21 to February 08, 2021, and instructed Plaintiff to contact H.R. Pilar Binda to discuss her return to work.

28. On or about February 15, 2021, Plaintiff e-mailed H.R. Pilar Binda requesting information about her employment status, trying to get back to work.

29. H.R. Pilar Binda told Plaintiff that she could not return to work until CIGNA authorize her return. H.R. Pilar Binda told Plaintiff: "It is out of my hands; it is up to CIGNA."

30. Plaintiff was very concerned about her employment, and since the day of her arrival, she was trying unsuccessfully to get her job back, to no avail, she did not get straight answers.

31. On or about April 9, 2021, Plaintiff received a request for information from H.R. Jessica Lawson. Plaintiff replied immediately and explained to H.R. Jessica Lawson the situation and detailed her multiple attempts to recover her employment.

32. However, on or about April 16, 2021, H.R. Jessica Lawson e-mailed Plaintiff a termination letter stating that because Plaintiff's FMLA absence had been approved only until January 20, 2021, Plaintiff was absent since January 21, 2021. Therefore, Plaintiff's job was not protected under the FMLA leave Act. This letter also stated that Plaintiff had abandoned her position because she did not contact Fanatics. Defendant stated that after "massive research," they determined that Plaintiff did not contact anyone regarding her employment before April 09, 2021. As a result, Defendant decided to terminate Plaintiff's employment effective April 16, 2021.

33. This letter put an end to Plaintiff's hopes of being reinstated in her job and earning a living again.

34. Therefore, on or about April 16, 2021, Plaintiff was wrongfully terminated, and her rights under the provisions of the Family Medical Leave Act were violated.

35. Defendant Fanatics is subjected to the provisions of the Family and Medical Leave Act of 1993 (29 USC § 2601-2654), and Plaintiff was entitled to the FMLA leave. However, Defendant interfered with Plaintiff's protected rights under the FMLA. Defendant, in complete disregard of Plaintiff's rights under the Family Medical Leave Act, fired Plaintiff, preventing her from obtaining the benefits of an FMLA-protected leave and then continuing her job in her original position or an equivalent position.

36. Defendant willfully and wantonly denied or otherwise interfered with Plaintiff substantive rights under FMLA, 29 USC. Sect 2615(a)(1), (a) (2), and 2615(b) (2) which states in pertinent part: (b) Interference with proceedings or inquiries........(2) It shall be unlawful for any person to discharge or in any other manner discriminate against any individual because such individual—has given, or is about to give, any information in connection with any inquiry or proceeding relating to any right provided under this subchapter."

37. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described above, Plaintiff has sustained damages for the loss of her employment, as well as the security and peace of mind it provided her. Plaintiff has incurred additional damages, including lost wages, pain and suffering, mental anguish, and other damages connected with the loss of her job.

38. Plaintiff seeks to recover damages pursuant to the Family Medical Leave Act, and any other remedy, as allowable by law.

<u>COUNT I:</u>
<u>VIOLATION OF FAMILY & MEDICAL LEAVE ACT OF 1993;</u>
<u>INTERFERENCE WITH FMLA RIGHTS</u>

39. Plaintiff Ariniuska Bravo re-adopts every factual allegation about the Family Medical Leave Act as stated in paragraphs 1-38 above as if set out in full herein.

40. This is an action against corporate Defendant Fanatics for damages and injunctive relief for violation of the Family and Medical Leave Act of 1993 (29 USC § 2601-2654).

41. At all times relevant and material, Defendant Fanatics is an Employer under the FMLA, as defined in 29 USC § 2611(4). Defendant, was always pertinent to this Complaint, engaged in interstate commerce, and employed 50 or more employees within a 75 miles radius of the facility where Plaintiff

worked.

42. Plaintiff Ariniuska Bravo is a qualified female member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act.

43. Defendant Fanatics employed Plaintiff Ariniuska Bravo from approximately September 15, 2015, to April 26, 2021, or more than 5 years plus 7 months.

44. Plaintiff was hired as a full-time printing machine operator. At the time of her termination, Plaintiff's wage rate was $16.97 an hour.

45. Plaintiff had worked for Fanatics for more than 1250 hours in the 12 months preceding her need for medical leave.

46. At all times material, Plaintiff was qualified to perform her job of printing machine operator within the legitimate expectations of her Employer.

47. However, on or around December 29, 2020, Plaintiff took two weeks' vacations and traveled to Cuba with her 14 years old daughter. While in Cuba, Plaintiff's daughter contracted COVID-19 and was hospitalized.

48. Plaintiff had to stay at the hospital taking care of her daughter, and she was unable to return to work as scheduled on January 11, 2021.

49. On or about January 29, 2021, Plaintiff returned to the United States in a humanitarian flight.

50. On or about January 11, 2021, Plaintiff, through family members notify her Employer timely and initiated her paperwork. As a result, Plaintiff timely submitted her request for a qualified 4 weeks of job-protected unpaid leave to take care of her daughter, a qualified family member with a serious health condition.

51. However, Defendant denied Plaintiff's request for a qualified FMLA leave to take care of a qualified family member.

52. Defendant approved Plaintiff's petition partially, from January 11, 2021, to January 20, 2021, but denied the remaining days that Plaintiff needed to take care of her daughter.

53. At all times, Plaintiff contacted Fanatics and CIGNA and keep in touch with them, trying to get back to work.

54. After Defendant's denial of Plaintiff's request for an FMLA leave, Defendant Fanatics and PTA CIGNA unreasonably denied Plaintiff authorization to return to work.

55. Nevertheless, on or about April 16, 2021, Defendant terminated Plaintiff, falsely alleging that Plaintiff did not contact her Employer timely, and she had abandoned her employment with Fanatics.

56. Therefore, on about April 16, 2021, Plaintiff was wrongfully terminated, and her rights under the provisions of the Family Medical Leave Act were violated.

57. Defendant Fanatics is subjected to the provisions of the Family and Medical Leave Act of 1993 (29 USC § 2601-2654). Accordingly, Defendant interfered with Plaintiff's rights.

58. 29 US CODE § 2615 states in pertinent part:

**a) Interference with rights**
**(1) Exercise of rights**
It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.
**(2) Discrimination**

It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

59. Plaintiff was entitled to an FMLA leave.  However, Defendant, in complete disregard of Plaintiff's protected rights under the Family Medical Leave Act, fired Plaintiff, preventing her from obtaining the benefits of FMLA to take care of her daughter suffering from a serious health condition, and then continuing her job in her original position or any equivalent position.

60. Defendant willfully and wantonly denied or otherwise interfered with Plaintiff substantive rights under FMLA, 29 USC. Sect 2615(a)(1), (a) (2), and

2615(b) (2) which states in pertinent part: (b) Interference with proceedings or inquiries........(2) It shall be unlawful for any person to discharge or in any other manner discriminate against any individual because such individual—has given, or is about to give, any information in connection with any inquiry or proceeding relating to any right provided under this subchapter"

61. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of her employment, as well as the security and peace of mind it provided her. Plaintiff has sustained mental, nervous, and emotional injury. Plaintiff has incurred additional damages, including lost wages, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and other damages attendant with the loss of her job. These damages have occurred in the past, are occurring at present, and will continue in the future.

62. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Ariniuska Bravo respectfully requests that this Honorable

Court will grant judgment:

    A. Finding that Fanatics' actions towards Plaintiff to be violative of the Plaintiff's rights under the FMLA;

    B. Awarding Plaintiff Ariniuska Bravo payment of all back wages lost benefits, and other economic damages, including front pay, found by the Court to be due under FMLA;

    C. Awarding Plaintiff an additional equal amount as liquidated damages for Defendant's willful violation of the FMLA;

    D. Granting such other and further relief as is just and proper;

    E. Awarding Plaintiff costs, including a reasonable attorney's fee.

<u>Demand for a Jury Trial</u>

Plaintiff Ariniuska Bravo demands trial by jury of all issues triable as of right by jury.

**COUNT II:**
**VIOLATION OF FAMILY & MEDICAL LEAVE ACT OF 1993**
**RETALIATION FOR EXERCISING FMLA RIGHTS**

63. Plaintiff Ariniuska Bravo re-adopts every factual allegation about the Family Medical Leave Act as stated in paragraphs 1-38 above as if set out in full herein.

64. This is an action against corporate Defendant Fanatics for damages and injunctive relief for violation of the Family and Medical Leave Act of 1993 (29 USC § 2601-2654).

65. At all times relevant and material, Defendant Fanatics is an Employer under the FMLA, as defined in 29 USC § 2611(4). Defendant was at all-time pertinent to this Complaint, engaged in interstate commerce, and employed 50 or more employees within a 75 miles radius of the facility where Plaintiff worked.

66. Plaintiff Ariniuska Bravo is a qualified female member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act.

67. Defendant Fanatics employed Plaintiff Ariniuska Bravo from approximately September 15, 2015, to April 26, 2021, or more than 5 years plus 7 months.

68. Plaintiff was hired as a full-time printing machine operator. At the time of her termination, Plaintiff's wage rate was $16.97 an hour.

69. Plaintiff had worked for Fanatics for more than 1250 hours in the 12 months preceding her need for medical leave.

70. At all times material, Plaintiff was qualified to perform her job of printing machine operator within the legitimate expectations of her Employer.

71. However, on or around December 29, 2020, Plaintiff took two weeks vacations and traveled to Cuba with her 14 years old daughter. While in Cuba, Plaintiff's daughter contracted COVID-19 and was hospitalized.

72. Plaintiff had to stay at the hospital taking care of her daughter, and she was unable to return to work as scheduled on January 11, 2021.

73. On or about January 29, 2021, Plaintiff returned to the United States in a humanitarian flight.

74. On or about January 11, 2021, Plaintiff through family members notified her Employer timely and initiated her FMLA paperwork. As a result, Plaintiff timely submitted her request for a qualified 4 weeks of job-protected unpaid leave to take care of her daughter, a qualified family member with a serious health condition.

75. Plaintiff engaged in statutorily protected conduct by requesting FMLA leave.

76. However, Defendant denied Plaintiff's request for a qualified FMLA leave to take care of a qualified family member.

77. Defendant approved Plaintiff's petition partially, from January 11, 2021, to January 20, 2021, but denied the remaining days that Plaintiff needed to take care of her daughter.

78. At all times, Plaintiff contacted Fanatics and CIGNA and keep in touch with them, trying to get back to work.

79. After Defendant's denial of Plaintiff's request for an FMLA leave, Defendant Fanatics and PTA CIGNA unreasonably denied Plaintiff authorization to return to work.

80. Nevertheless, on or about April 16, 2021, Defendant terminated Plaintiff, falsely alleging that Plaintiff did not contact her Employer timely, and consequently, she had abandoned her employment with Fanatics.

81. Plaintiff suffered a materially adverse action of a type that would dissuade a reasonable employee from engaging in statutorily protected activity. Specifically, Defendant terminated Plaintiff's employment.

82. There is a causal link between Plaintiff's protected activity and the adverse action.

83. Plaintiff was wrongfully terminated from her position in retaliation for exercising her rights under the Act, thereby adversely affecting Plaintiff.

84. Defendant FANATICS is subjected to the provisions of the Family and Medical Leave Act of 1993 (29 USC § 2601-2654). Defendant retaliated against Plaintiff violating 29 US CODE § 2615 and 29 CFR § 825.220, which states in pertinent part:

§ 825.220 Protection for employees who request leave or otherwise assert FMLA rights.

(a) The FMLA prohibits interference with an employee's rights under the law, and with legal proceedings or inquiries relating to an employee's rights. More specifically, the law contains the following employee protections:

(1) An employer is prohibited from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the Act.

(2) An employer is prohibited from discharging or in any other way discriminating against any person (whether or not an employee) for opposing or complaining about any unlawful practice under the Act.

85. Plaintiff was entitled to FMLA leave.  However, Defendant in complete disregard of Plaintiff's protected rights under the Family Medical Leave Act, acting in bad faith, fired Plaintiff, preventing her from obtaining the benefits of FMLA leave of absence to take care of a qualified family member, and then continuing her job in her original position or any equivalent position.

86. Defendant willfully and wantonly denied or otherwise interfered and retaliated against Plaintiff for her attempts to exercise substantive rights under the Family Medical Leave Act.

87. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of her employment, as well as the security and peace of mind it provided her. Plaintiff has incurred additional damages, including lost wages, pain and suffering, mental anguish, and other damages connected

with the loss of her job.

88. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

## Prayer For Relief

Wherefore, Plaintiff Ariniuska Bravo respectfully requests that this Honorable Court will grant judgment:

A. Finding that Fanatics' actions toward Plaintiff to be violative of the Plaintiff's rights under the FMLA.

B. Awarding Plaintiff Ariniuska Bravo payment of all back wages, lost benefits, and other economic damages, including front pay, found by the Court to be due under FMLA;

C. Awarding Plaintiff an additional equal amount as liquidated damages for Defendant's willful violation of the FMLA;

D. Granting such other and further relief as is just and proper;

E. Awarding Plaintiff costs, including a reasonable attorney's fee.

## Jury Demand

Plaintiff Ariniuska Bravo demands trial by a jury of all issues triable as of right by jury.

DATED: July 29, 2021

Respectfully submitted,

By:  _/s/ Zandro E. Palma_____
ZANDRO E. PALMA, PA.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:    (305) 446-1500
Facsimile:     (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*